FRANK V. NEWELL AND CHARLES W. SPRAGUE

v.

CHRISTENA SASS.

*Real Property—Streets and Alleys—Obstruction of Alley—Rights and Obligations of Parties Holding under Same Subdivision.*

One of the legal consequences, where two or more parties hold land under the same subdivision, is that neither party can obstruct the other in the use of any alley in the subdivision if, to that other, such use, in connection with his lots, be highly convenient and beneficial.

[Opinion filed January 14, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Mr. H. S. MECARTNEY, for appellants.

Mr. JAMES MAHER, for appellee.

GARY, J.    By this record it appears that the widow and

heirs of Richard J. Hamilton, one of the prominent early citizens of Chicago, being seized in fee of property fronting south on West Monroe street in Chicago, made a subdivision thereof in 1862, by which lots numbering 9 to 12 inclusive, counting westward, were laid out fronting on Monroe street, with an alley twenty feet wide bounding the north end of them, and on the west side of lot 12 an alley seven and one-half feet wide from the twenty-foot alley to the street. The appellee deraigns title from the Hamilton seizin to lots 9 and 10, and the bill alleges and the answer admits that the appellant owns lots 11 and 12, but his title is not deraigned by allegations or proofs. However, as the seizin in 1862 of the whole subdivision is shown, his title is presumptively from that source, and thus both parties claim from a common source, and both are bound by the legal consequences that result from holding under the same subdivision. One of those consequences is that neither of them may obstruct the other in the use of any alley of the subdivision, if to that other such use in connection with his or her lots be " highly convenient and beneficial." So many cases on the subject are collected by the court and counsel in the case quoted from that we will cite only that—Cihak v. Klekr, 117 Ill. 643.

The appellant commenced to build on lot 12, projecting a bay window over the alley on the west side of his lot. The appellee filed the bill in this case and obtained an interlocutory injunction which stopped that. Her bill prayed that on a final hearing the appellant might be compelled to remove all obstructions to the free use by the appellee of the alley. *Pendente lite* the appellant has taken complete possession of the south one hundred and fifty feet of that narrow alley and prevents passage through it. The final decree is only enjoining the appellant from " in any way obstructing " the alley; does not in terms require him to remove obstructions already placed there. The effect of that decree, and whether it is all that the appellee ought to have, are questions not before us; no cross-errors are assigned.

As a fact in the case, the court below has found, in effect, that the use of this alley is highly convenient and beneficial

to the appellee as owner of lots 9 and 10, and the evidence warrants the finding. That convenience and benefit to the appellee of this exercise of her legal right entitle her to a decree protecting it.

*Decree affirmed.*